**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0350-25

AALIYAH HOUSTON,

    Plaintiff-Appellant,

v.

CARMAX AUTO
SUPERSTORES, INC.,
and AMERICAN CREDIT
ACCEPTANCE (ACA),

    Defendants-Respondents.

_____

Submitted June 15, 2026 – Decided July 13, 2026

Before Judges Berdote Byrne and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-0031-25.

Aaliyah Houston, self-represented appellant.

Robinson Miller LLC, attorneys for respondents (Michael J. Gesualdo, of counsel and on the brief; Bradley A. Suiters, on the brief).

PER CURIAM

Plaintiff challenges the trial court's dismissal of her complaint with prejudice after it found no valid basis to vacate the arbitration award arising from a consumer credit dispute she had with defendants. She additionally claims the trial court erred in dismissing her complaint instead of allowing her to amend it. After careful review, we affirm. Because plaintiff did not set forth a valid basis to vacate the arbitration award, her complaint could not proceed, and any amendment to the complaint would have been futile.

I.

The record demonstrates plaintiff Aaliyah Houston purchased a vehicle from defendant CarMax Auto Superstores, Inc. ("CarMax"), financing the purchase through defendant American Credit Acceptance, on November 7, 2020. Plaintiff made a $1,200 down payment, executed several documents by hand and others electronically in the presence of a CarMax employee, and took delivery of the vehicle. The retail installment contract included an arbitration provision and a seven-day return policy.

In November 2022, nearly two years after purchasing her car, plaintiff notified defendants of her intent to rescind the transaction. She subsequently initiated arbitration before the American Arbitration Association, alleging defendants had embezzled her down payment and forged her electronic

2

signatures on four documents. As a remedy, plaintiff sought title to the vehicle free of the remaining balance and $28,000 in damages. The arbitrator denied defendants' motion to dismiss and instead conducted a full evidentiary hearing. At the hearing, plaintiff appeared on her own behalf, defendants appeared through counsel, and defendants presented the testimony of a CarMax employee.

On November 25, 2024, the arbitrator issued an award in favor of defendants on all claims. The arbitrator rejected plaintiff's embezzlement claim, which was premised on the assertion that she did not want to pay a $1,200 down payment. Instead, the arbitrator found plaintiff's down payment was an ordinary component of the transaction, plaintiff had voluntarily provided the payment, and she could have declined to proceed with the purchase. The arbitrator likewise rejected plaintiff's forgery claim, found the testimony of the CarMax employee credible regarding the execution of the documents, and found plaintiff's denial of electronically signing four of the documents not credible. The arbitrator noted the terms of the four disputed documents were also reflected in the retail installment contract, which plaintiff admitted to signing. The arbitrator addressed each statute cited by plaintiff—including 12 C.F.R. § 1026.23 (Regulation Z), 18 U.S.C. §§ 1028, 1348, 1033(b), 495, 29 U.S.C. §

A-0350-25

1109, and 15 U.S.C. § 1611—and found none of them applicable to plaintiff's circumstances. Accordingly, the arbitrator denied all of plaintiff's claims.

Undeterred, plaintiff filed a complaint in the Law Division, seeking to vacate or modify the arbitration award, rescind the transaction, remove all liens associated with the vehicle, and recover $28,000 in damages. The case was removed to federal court but subsequently remanded for lack of subject matter jurisdiction.

Defendants then moved to dismiss the complaint. On July 1, 2025, before the return date of the motion, plaintiff filed an amended complaint without leave of court or defendants' consent, alleging the arbitration award demonstrated a manifest disregard of federal law and reiterating many of the same allegations as the original complaint.

Defendants requested the court disregard plaintiff's amended complaint because it was filed without their consent or leave of court in violation of Rule 4:9-1, or, in the alternative, the court apply their pending motion to dismiss to the amended complaint, arguing it was substantially similar to the original. Plaintiff objected, acknowledged the amended complaint was procedurally defective, and requested the court grant her leave to amend. The court heard oral argument on August 1, 2025. Defendants contended plaintiff had received

4

a full and fair arbitration hearing and had not pleaded facts supporting any statutory grounds to vacate the award. Plaintiff argued the arbitrator had manifestly disregarded the law and conceded her original and amended complaints contained the same information regarding this alleged disregard.

The court granted defendants' motion to dismiss the complaint with prejudice, stating it had considered both the complaint and the amended complaint and found no appropriate basis for vacating the arbitration award pursuant to the New Jersey Arbitration Act or the Federal Arbitration Act. It concluded plaintiff's arguments were merits-based disagreements with the arbitrator's findings, which are not grounds to vacate an award, and the complaint did not set forth a claim that was not addressed by the arbitration award. This appeal followed.

## II.

We "review the trial court's decision on a motion to vacate an arbitration award de novo." Yarborough v. State Operated Sch. Dist. of Newark, 455 N.J. Super. 136, 139 (App. Div. 2018). "Private sector arbitration awards are . . . subjected to an extraordinarily deferential standard of review." Rappaport v. Pasternak, 260 N.J. 230, 250 (2025). "An award may not be vacated or modified simply because a court disagrees with the arbitrator's interpretation of the law

or view of the facts[.]" Id. at 250-51. The grounds for vacating an award are narrowly limited to cases where:

> (1) the award was procured by corruption, fraud, or other undue means;
>
> (2) the court finds evident partiality by an arbitrator; corruption by an arbitrator; or misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
>
> (3) an arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 15 of this act, so as to substantially prejudice the rights of a party to the arbitration proceeding;
>
> (4) an arbitrator exceeded the arbitrator's powers;
>
> [N.J.S.A. 2A:23B-23(a) (footnotes omitted).]

Put differently, an arbitration award "may be vacated only for fraud, corruption, or similar wrongdoing on the part of the arbitrators." Rappaport, 260 N.J. at 249 (quoting Perini Corp. v. Greate Bay Hotel & Casino, Inc., 129 N.J. 479, 548 (1992) (Wilentz, C.J., concurring)).

Plaintiff first pursued her claims in arbitration, where she received a full evidentiary hearing, and the arbitrator ruled against her on all claims. She then filed suit in state court, seeking to vacate the arbitration award pursuant to the Federal Arbitration Act. After defendants moved to dismiss the complaint,

plaintiff filed an amended complaint, alleging the arbitrator manifestly disregarded federal law and failed to address her objections regarding electronic signatures and rescission rights. We conclude, as did the trial court, plaintiff seeks to litigate the same claims that were fully addressed in arbitration. She has not set forth any claim of fraud, corruption, or similar wrongdoing on the part of the arbitrator. Her disagreement with the arbitrator's factual and legal findings cannot provide a basis to vacate an arbitration award.

Additionally, plaintiff complained she was not given the opportunity to be heard regarding the merits of her amended complaint. That assertion is belied by the record. The trial court's ruling explicitly addressed the amended complaint:

> The criticisms and allegations in both the complaint and the amended complaint are effectively objections to or . . . arguments that seek a revision of or a review of the merits of the arbitrator's determination, neither of which are appropriate for this [c]ourt to engage in, barring some sort of basis for a modification of an arbitrator's award, which, again, is not presented by virtue of the facts pleaded in – in either the complaint or the amended pleading.
>
> [(Emphasis added).]

In sum, even if we were to disagree with the arbitration award, which we do not, disagreement with a decision is not a basis for vacating an arbitration

7

A-0350-25

award given the finality of an arbitration award. Whether an "arbitrator[] commit[s] errors of law or errors of fact" is "totally irrelevant." Perini, 129 N.J. at 519 (Wilentz, C.J., concurring). In construing the grounds for vacating an arbitration award outlined in N.J.S.A. 2A:24-9, Chief Justice Wilentz, whose concurrence was later adopted by a majority of the Court, see Tretina Printing, Inc. v. Fitzpatrick & Assocs., Inc., 135 N.J. 349, 358 (1994), concluded "the only tenable conclusion from the statute itself is that errors of fact, whether gross or ordinary, lead to neither vacation nor modification and correction. More to the point in this case, there is no mention whatsoever of errors of law. The statute provides no remedy whatsoever for that alleged mistake." Perini, 129 N.J. at 542 (Wilentz, C.J., concurring); see also id. at 543 ("It is incongruous to think that parties who want to get out of the court system, who want to avoid litigation, somehow want their awards to be reviewed on the basis of their conformance to New Jersey law.").

Plaintiff failed to state a claim in her complaint not otherwise subject to arbitration according to the agreement she admitted to signing and not already addressed at her arbitration. Her generalized protests that the arbitrator manifestly disregarded the law are without basis in fact or law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

8

A-0350-25